## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Chicago Police Officer SHANNON SPALDING, | ) | |
| Chicago Police Officer DANIEL ECHEVERRIA, | ) | Case No. 12-cv-8777 |
| | ) | |
| Plaintiffs, | ) | Judge Gary Feinerman |
| | ) | Magistrate Judge Sheila Finnegan |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST MOTION IN LIMINE TO BAR TESTIMONY, EVIDENCE OR ARGUMENT OF A SPECULATIVE POLICE "CODE OF SILENCE," "BLUE WALL" OR "THIN BLUE LINE"

Defendants, City of Chicago (the "City"), Juan Rivera ("Rivera"), James O'Grady ("O'Grady"), Nicholas Roti ("Roti"), Maurice Barnes ("Barnes"), Robert Cesario ("Cesario"), Joseph Salemme ("Salemme") and Thomas Mills ("Mills") (referred to as the "Individual Defendants") (collectively "Defendants") hereby move *in limine* to bar testimony, evidence or argument of a speculative police "code of silence," "blue wall," or "thin blue line."[1] In support of this motion, Defendants state as follow:

Defendants move to bar Plaintiffs from introducing any testimony, evidence, or argument regarding a "code of silence," "blue wall," "thin blue line," or that police officers generally lie, conspire, cover up misconduct for other officers or fail to intervene in the misconduct of fellow officers. Such evidence is not relevant to the jury's determination of credibility of the testimony in this case and would only serve to prejudice Defendants.

---

[1] Defendants have conferred with Plaintiffs regarding this motion *in limine* and have determined that the matter upon which a ruling is sought is in dispute.

85109943.3

Evidence is admissible at trial only if it makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Moreover, even relevant evidence should be excluded where its prejudicial effect outweighs its probative value. Fed. R. Evid. 403. Generalized allegations of a police "code of silence" or that police officers cover up for other police officers are

> akin to the conclusion that all mechanics, when they have the opportunity, assess over-charges for unnecessary repair; that all politicians, when the public's back is turned, accept bribes; and that all taxpayers, when they think they can get away with it, cheat on their taxes—and no one ever tells. In a court of law, however justice is dispensed based on evidence of articulated and proven facts, not on generalized assumptions and prejudices.

*Maldonado v. Stinar,* 2010 WL 3075680, *4 (N.D. Ill. Aug. 5, 2010) (quoting *Sanders v. City of Indianapolis,* 837 F. Supp. 959, 963 (S.D. Ind. 1992)). The sole purpose for the introduction of this testimony is to invoke images in the minds of jurors that officers run amok to protect their own like they have seen in many movies. The jury's decision, however, must be based upon facts, not the speculation or rumination of witnesses regarding the general nature of police officers. In that regard, this evidence is no different from inadmissible propensity or bad acts evidence except that it is more illusory because it has no particular connection to the Individual Defendants. Moreover,

> If [evidence of a police "code of silence"] were held admissible here, it logically would be admissible in every suit, civil or criminal, in which a police officer was alleged to be lying to support the testimony of a fellow police officer. Indeed, it would be admissible in every civil and criminal case in which even a single police officer testified.

*Shaw v. City of New York,* 1997 WL 187352 at *9 (S.D.N.Y Apr. 15, 1997) (excluding evidence of code of silence). "[G]eneralized allegations—separate and apart from what may be true of the officers named as Defendants here—are not helpful and are akin to inadmissible propensity

evidence." *Ratliffe v. City of Chicago*, 2012 WL 5845551, *4 (N.D. Ill. Nov. 19, 2012). This Court should decline to open this type of generalized evidence whose only purpose is to unduly prejudice Defendants.

Further, even if general evidence of a police "code of silence" or "blue wall" was somehow relevant to the matters at issue or the credibility of the testimony in this case (which it is not), courts consistently have barred plaintiffs from using the terms "code of silence," "blue wall" and the like because those terms are far more prejudicial that probative. *See Ratliffe,* 2012 WL 5845551, *4 (barring "code of silence" and "blue wall" as unduly prejudicial); *Cooper v. Daley,* 2012 WL 1748150, *4 (N.D. Ill. May 16, 2012); *Hill v. City of Chicago*, 2011 WL 3205304, *3 (N.D. Ill. July 28, 2011); *Betts v. City of Chicago,* 784 F. Supp. 2d 1020, 1029 (N.D. Ill. 2011) (barring evidence of a code of silence); *Maldonado,* 2010 WL 3075680, at *4 (barring reference to a general code of silence among police officers); *Caldwell v. City of Chicago,* 2010 WL 380696, *3 (N.D. Ill. Jan. 28, 2010) (barring general evidence of a code of silence as more prejudicial than probative); *Redmond v. City of Chicago, et al*, 14 cv 5482, Dkt. #116, Feb. 8, 2016 (barring argument that there is a "code of silence" or "blue wall). Accordingly, pursuant to Rules 401, 402, and 403, Plaintiffs should be barred from presenting at trial any testimony, evidence, or argument that police officers in general lie, conspire, cover up, or otherwise maintain a "code of silence" or "blue wall" to protect their fellow officers. Fed. R. Evid. 401, 402, and 403.

Defendants' motion to bar Plaintiffs from presenting evidence or argument regarding a general "code of silence" specifically includes any attempts by Plaintiffs to rely on a "code of silence" concept to support the elements of any of Plaintiffs' claims. For example, lacking evidence that the Individual Defendants reached an agreement to deprive Plaintiffs of their

constitutional rights, Plaintiffs argued in their response to Defendants' summary judgment motion that Plaintiffs' § 1983 conspiracy claim can be established by evidence of alleged adverse acts of Defendants "tied together by the glue of the Code of Silence."  (Dkt. #171, p. 19.)  Such an argument is highly prejudicial and misleading to the jury and should be barred.

Nor should Plaintiffs be permitted to argue or introduce testimony that the City and the Chicago Police Department have made a conscious decision to ignore an alleged code of silence or that there is a lack of training related to the alleged code of silence from which a negative inference should be drawn against Defendants. For the reasons explained above, inclusion of a reference to a police code of silence is far more prejudicial than probative.

Finally, Plaintiffs also should be barred from introducing evidence or arguments that there is a widespread custom or practice in the City of an alleged code of silence or of retaliating against officers who break the alleged code of silence. For the reasons explained in Defendants' pending summary judgment motion, Plaintiffs' allegation of a widespread custom or policy of retaliating against officers that break the alleged code of silence is conclusory and unsupported and falls far short of demonstrating a widespread custom or policy on which to base *Monell* liability against the City.  (Dkt. #175, pp. 10-11; Dkt. #165, pp. 24-26.)  Among other reasons, Plaintiffs have offered insufficient examples of alleged retaliation for breaking the alleged code of silence to meet the minimum threshold for alleging a widespread custom or practice. *See Thomas v. Cook Cnty. Sherriff's Dep't,* 604 F. 3d 293, 303 (7th Cir. 2010).  Further, Plaintiffs' so-called "code of silence" expert, Lou Reiter, offers no evidence of a widespread municipal policy or custom of retaliating against officers who report other officers' misconduct, nor have Plaintiffs offered any statistical or comparable evidence that shows that the alleged code of silence is tied to widespread retaliation against those who breach it.  Accordingly, Plaintiffs

should be barred from presenting any such speculative arguments, testimony or evidence there is a widespread custom or practice in the City of retaliating against officers who break the alleged code of silence, including the conclusions and testimony of Lou Reiter.[2]

Therefore, Defendants request that this Court enter an order barring Plaintiffs from (1) using the terms "code of silence," "blue wall," or "thin blue line" as these terms are unduly prejudicial; (2) introducing any testimony, evidence, or argument that Chicago Police Officers generally lie conspire, cover up, or otherwise maintain a "code of silence" or "blue wall" to cover up officer misconduct or fail to intervene in order to protect fellow offices; (3) introducing any testimony, evidence or argument that the City of Chicago has made a conscious decision to ignore an alleged code of silence or that there is a lack of training specifically addressing the alleged code of silence from which a negative inference should be drawn against Defendants; and (4) introducing testimony, evidence or arguments that there is a widespread custom or practice in the City of an alleged code of silence or of retaliating against officers who break the alleged code of silence, including the conclusions and testimony of Plaintiffs' expert Lou Reiter.

Dated: April 15, 2016

Respectfully submitted,

**CITY OF CHICAGO, JUAN RIVERA, JAMES O'GRADY, NICHOLAS ROTI, MAURICE BARNES, ROBERT CESARIO, JOSEPH SALEMME, and THOMAS MILLS**

By:  /s/ Alan S. King
Alan S. King, Esq. (ARDC #: 06198223)
Noreen H. Cull, Esq. (ARDC #: 06229417)
Leslie D. Davis, Esq. (ARDC #: 06229110)
Alejandra Lara, Esq. (ARDC # 6309517)
Drinker Biddle & Reath LLP

---

[2] Defendants have filed a separate Motion *in Limine* to bar the testimony of Lou Reiter.

191 N. Wacker Drive, Suite 3700
Chicago, IL  60606-1698
Phone: (312) 569-1000/Fax: (312) 569-3334
E-mail:   alan.king@dbr.com