IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Chicago Police Officers SHANNON SPALDING and DANIEL ECHEVERRIA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 12-cv-8777 |
| CITY OF CHICAGO, Chicago Police Chief JUAN RIVERA, Chicago Police Chief JAMES O'GRADY, Chicago Police Chief NICHOLAS ROTI, Chicago Police Lt. Sergeant MAURICE BARNES, Chicago Police Lt. ROBERT CESARIO, Chicago Police Commander JOSEPH SALEMME, Chicago Police Sergeant THOMAS MILLS, | ) ) ) ) ) ) ) ) ) | Judge Gary Feinerman Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION *IN LIMINE* TO BAR ANY EVIDENCE OF MAYOR RAHM EMANUEL'S COMMENTS REGARDING THE EXISTENCE OF A CODE OF SILENCE OR ATTEMPTS TO CALL HIM TO TESTIFY AT TRIAL**

The deposition of a high ranking public official creates unique concerns; it should not be a routine part of civil litigation. *See Olivieri v. Rodriguez,* 122 F.3d 406, 409-10 (7th Cir.1997); *Stagman v. Ryan,* 176 F.3d 986, 994-95 (7th Cir.1999). On the other hand, if the official has relevant information, the parties may not be deprived of that information simply because of the official's status. *See Clinton v. Jones,* 520 U.S. 681, 703-05, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) (citing cases in which the President of the United States was required to provide testimony); *Northwestern Univ. v. City of Evanston,* 2001 WL 743756 (N.D.Ill. June 29, 2001) (Aspen, C.J.) (reversing magistrate judge's ruling precluding the plaintiff from deposing the mayor and city manager). *Hobley v. Burge*, 03 C 3678, 2007 WL 551569, at *2 (N.D. Ill. Feb.

1

22, 2007)(compelling the deposition of Mayor Daley)

The chief policymaker of the City of Chicago, Mayor Rahm Emanuel, publically stated in December, 2015 when asked if there is a code of silence that exists among Chicago police officers, "The short answer is yes." See, The Mayor's "Police Accountability Task Force Report", April 2016 at pp 69-70.[1] The Mayor went on to address the Chicago City Council and elaborate on the existence of the code, its long standing nature and the harm it was causing to the City.[2]

This month, the Mayor's Police Accountability Task Force Report concluded that "the code of silence is not just an unwritten rule, or an unfortunate element of police culture past and present. The code of silence is institutionalized and reinforced by CPD rules and policies that are also baked into the labor agreements between the various police unions and the City." The Mayor's "Police Accountability Task Force Report", April 2016 at pp 69-70.

The Mayor's words, speaking on behalf of the City, constitute statements of an opposing party and are admissible pursuant to Rule 801 of the Federal Rules of Evidence. The Mayor, therefore, must be compelled to testify in the within action pursuant to an appropriate Notice to Appear for Trial or, if the City prefers, through a video deposition.

As discussed in more detail in Plaintiff's Response to the City's First and Twelfth Motions *in Limine,* the code of silence is the heart of the Plaintiffs' *Monell* claims in this case. As the Defendants' correctly point out citing *Fuery v. City of Chicago*, 07 cv 5429, Dkt. #439 (Order of 2/16/16 denying plaintiffs' motion to compel the deposition of Mayor Emanuel to give testimony related to an alleged code of silence); see also *Olivieri v. Rodriquez,* 122 F. 3d 406 (the plaintiffs must show specific, actual and unique knowledge regarding the claims at issue.)

---

[1] https://chicagopatf.org/wp-content/uploads/2016/04/PATF_Final_Report_4_13_16-1.pdf
[2] http://www.nbcchicago.com/news/local/Emanuel-Address-at-Special-City-Council-Meeting-361205381.html

Mayor Emanuel's testimony speaks directly to the widespread policies and practices of the City that Plaintiffs allege resulted in the constitutional violations in this case. In addition, Mayor Emanuel's admissions directly refute the testimony of the City's 30(b)(6) witnesses Captain Michael Pigott and Commander Robert Klimas – both of whom specifically denied under oath that there was any such thing as a code of silence within the Chicago Police Department.

In *Cannon v. Burge*, No. 05 C 2192, 2007 WL 2410392, at *5 (N.D. Ill. Aug. 20, 2007), the court refused to compel the deposition of Mayor Daley, without prejudice, solely because the Court had stayed the plaintiffs' *Monell* claims. The court's opinion allows the plaintiffs to refile their motion to compel Mayor Daley's testimony "if and when the court lifts the *Monell* discovery stay." *Id* at *5. That is exactly the situation presented in the instant case.

## CONCLUSION

The Defendants' Motion to bar evidence of Mayor Emanuel's admissions regarding the code of silence should be denied. Defendants' motion to prohibit Mayor Emanuel from testifying at trial should also be denied. Plaintiffs would be open to Defendants suggestions on how to limit inconvenience for the mayor as to how to proceed with the introduction of the testimony.

Respectfully submitted,

**/s/ Jeffrey L. Taren**

Jeffrey L. Taren
Miriam N. Geraghty
Kinoy Taren & Geraghty, P.C.
224 S. Michigan, Suite 490
Chicago, Illinois 60604
Phone: (312) 663-5210
Fax: (312) 663-6663
jtaren@ktglawyer.com

Christopher R. Smith
Christopher Smith Trial Group
1 North LaSalle St., Ste. 2000
Chicago, Illinois 60602
Phone: (312) 432-0400
Fax: (312) 850-2704
chris@crstrialgroup.com