**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Chicago Police Officers SHANNON SPALDING and DANIEL ECHEVERRIA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 12-cv-8777 |
| CITY OF CHICAGO, Chicago Police Chief JUAN RIVERA, Chicago Police Chief JAMES O'GRADY, Chicago Police Chief NICHOLAS ROTI, Chicago Police Lt. Sergeant MAURICE BARNES, Chicago Police Lt. ROBERT CESARIO, Chicago Police Commander JOSEPH SALEMME, Chicago Police Sergeant THOMAS MILLS, | ) ) ) ) ) ) ) ) ) ) | Judge Gary Feinerman Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' FOURTH MOTION
*IN LIMINE* TO BAR ANY TESTIMONY, EVIDENCE, ARGUMENT OR REFERENCE
TO UNRELATED ALLEGATIONS OF POLICE MISCONDUCT IN THE MEDIA OR
QUESTIONABLE CONDUCT BY OFFICERS NOT INVOLVED IN THE CASE**

Plaintiffs do not intend to introduce evidence of unrelated police misconduct to support their individual claims against Defendants. However, to the extent this evidence supports Plaintiffs' *Monell* claims regarding the code of silence or retaliation against officers who break the code, the evidence is admissible.

Evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. *Heflin v. City*, 1996 WL 28238 * 1 (N.D. Il. 1996)(and cases cited therein)

As argued in response to Defendants' Fifth Motion *in limine*, Plaintiffs' expert, Lou Reiter, should be free to support his opinion regarding the code of silence by citing evidence of police misconduct which has gone unremedied because of the Chicago Police Department's adherence to the code. Furthermore, the City's 30(b)(6) witness on the code of silence, Michael

1

Pigott, will testify that he is unaware that the CPD maintains a code of silence. Plaintiffs should be allowed to cross examine Captain Pigott using evidence of other police misconduct which supports the existence of the code of silence. Finally, evidence of other police misconduct may be the subject of cross examination of Defendants' code of silence expert.

The cases cited by Defendants are inapposite. There was no discussion of *Monell* issues in *Caldwell v. City,* 2010 WL 380696 (N.D. Il. 2010) or *Saunders v. City.* 320 F. Supp. 2d 735 (N.D. Il. 2004). The judge in *Heflin v. City of Chicago*, 1996 WL 28238, (N.D. Il. 1996) barred the mention of the Rodney King and O.J. Simpson cases which could hardly have any relevance to the Defendant Chicago police officers. In *Redmond v. City of Chicago,* 14-5482, Judge Chang had previously dismissed plaintiffs' *Monell* claims, as had Judge Moran in *Moore v. City of Chicago,* 2008 WL 4549137 (N.D. IL. 2008)(See *Moore v. City,* 02-5130, Dkt 228.)

In this case, police misconduct which is unrelated to the individual Defendants is admissible where Plaintiffs seek to establish a *Monell* claim based on the Chicago Police Department's code of silence which resulted in the retaliatory and unconstitutional treatment of Plaintiffs.


Respectfully submitted,

**/s/ Jeffrey L. Taren**


Jeffery L. Taren
Miriam N. Geraghty
Kinoy Taren & Geraghty, P.C.
224 S. Michigan, Suite 490
Chicago, Illinois 60604
Phone: (312) 663-5210
Fax: (312) 663-6663
jtaren@ktglawyer.com

2

Christopher R. Smith
Christopher Smith Trial Group
1 North LaSalle St., Ste. 2000
Chicago, Illinois 60602
Phone: (312) 432-0400
Fax: (312) 850-2704
chris@crstrialgroup.com