## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Chicago Police Officers SHANNON SPALDING and DANIEL ECHEVERRIA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 12-cv-8777 |
| CITY OF CHICAGO, Chicago Police Chief JUAN RIVERA, Chicago Police Chief JAMES O'GRADY, Chicago Police Chief NICHOLAS ROTI, Chicago Police Lt. Sergeant MAURICE BARNES, Chicago Police Lt. ROBERT CESARIO, Chicago Police Commander JOSEPH SALEMME, Chicago Police Sergeant THOMAS MILLS, | ) ) ) ) ) ) ) ) ) ) | Judge Gary Feinerman Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) | |

## FINAL JOINT PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and Jeffrey L. Taren and Miriam N. Geraghty, Kinoy, Taren & Geraghty P.C. , 224 S. Michigan Ave. Suite 490, Chicago, IL 60604 (312) 663-5210 and Chris Smith, Christopher Smith Law Group, 1 N. LaSalle St. Suite 2000, Chicago, Il 60603 (312) 432-0400 having appeared as counsel for plaintiff(s) and Alan King, Leslie Davis, Noreen Cull and Alejandra Lara, Drinker Biddle & Reath, LLP, 191 N. Wacker Dr., Suite 3700, Chicago, IL 60606-1698 (312) 569-1334 having appeared as counsel for defendant(s), the following actions were taken:

**(1)** This is an action for violations of Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983 and the Illinois Whistleblower Act, 740 ILCS § 174/5 *et seq.* The jurisdiction of the court is invoked under 42 U.S.C. §§ 1331 and 1343(a) as well as supplemental jurisdiction under 28 U.S.C. § 1367. Jurisdiction is not disputed.

**(2)** The following stipulations and statements were submitted and are attached to and made a part of this Order:

> **(a)** a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in jury trials, may be read to the jury by the court or any party)

**Stipulations of Facts**

1.      In May 2006, Plaintiffs Shannon Spalding and Daniel Echeverria were assigned to the "Narcotics Division," Unit 189 of the Chicago Police Department.

2.      Plaintiff Echeverria alleges that in 2007, while working an undercover narcotics investigation, an arrestee/informant told Echeverria that a fellow police officer, Watts, was stealing and doing his own dope line in the Ida B. Wells complex.

3.      In August 2008, Plaintiffs attended a meeting with Tina Skahill ("Skahill"), then-Chief of the Internal Affairs Division ("IAD") of the Chicago Police Department ("CPD"), FBI Special Agent Patrick Smith, and Tom Chester and Barb West from CPD, to discuss Plaintiffs' involvement in the Watts investigation (also known as "Operation Brass Tax").

4.      Shortly after the August 2008 meeting, Plaintiffs were detailed to unit 543 ("Detached Services") to work on Operation Brass Tax and reported directly to F.B.I. Headquarters.

5.      The Plaintiffs remained detailed to Unit 543, until May of 2011.

6.      From Detached Services, Plaintiffs were first sent temporarily to the Police Academy for retraining and determination by Rivera and Skahill of Plaintiffs' next assignment.

7.      Effective May 21, 2011, the Plaintiffs were assigned to CPD's Inspections Division, Unit 126.  Skahill made the decision to assign Plaintiffs to Unit 126 because the unit was under her command and she thought it would facilitate Plaintiffs' continued work on Operation Brass Tax. Plaintiffs are not claiming that the move to the Inspections Division was in any way retaliatory or that Skahill ever retaliated against them.

8.      During the time they were in the Inspections Division, the Plaintiffs assisted the FBI as needed with Operation Brass Tax.

9.      The FBI publically announced the arrests of Chicago Police Officers Watts and Kallatt Mohammad on February 13, 2012.  Officers Watts and Mohammed eventually plead guilty to criminal charges and were sentenced to approximately two years in jail.

10.     Approximately three weeks after the arrests of officers Watts and Mohammed, the Plaintiffs were reassigned, at their request, to CPD's Fugitive Apprehension Unit ("FAU").  They started this assignment on March 18, 2012.  Skahill and Rivera wrote letters of recommendation for Plaintiffs in support of their request to be assigned to the FAU.

11.     At the time of Plaintiffs' assignment to the FAU, the Commander of the FAU was defendant Joseph Salemme ("Salemme").  The Lieutenant in charge of the FAU was defendant Robert Cesario ("Cesario").   The Sergeant whose team the Plaintiffs were first assigned to in the FAU was defendant Maurice Barnes ("Barnes").

12.     Plaintiffs reported to defendant Barnes from March of 2012 until June of 2012. They were then reassigned by defendant Cesario from Barnes' team to defendant Sgt. Thomas Mills' ("Mills") team where Plaintiffs worked on the Third Watch.  The reasons for this reassignment are contested.

13.     In November of 2012, while they were assigned to the Third Watch reporting to defendant Mills, the Plaintiffs filed this lawsuit claiming that they were being retaliated against by Defendants.  Plaintiffs do not claim that Mills engaged in any retaliation against them until after their lawsuit was filed.

14.     Officer Spalding went on medical leave and has not worked in active employment as a Chicago Police Officer since April of 2013.  She contends that she was required to take medical leave because of the retaliation she alleges she experienced at the Chicago Police Department.  Defendants deny that Spalding was retaliated against and deny that her medical leave was because of any alleged retaliation.

15.     On May 14, 2013, officer Echeverria went on medical leave.  He returned to his job as an active duty Chicago Police Officer on December 10, 2013.  He contends that he was required to take medical leave because of the retaliation he alleges he experienced at the Chicago Police Department.  Defendants deny that Echeverria was retaliated against and deny that his medical leave was because of any alleged retaliation.  Officer Echeverria has remained an active duty Chicago police officer since December 10, 2013.

(b)     for jury trials a short agreed description of the case to be read to prospective jurors.

*This case is brought by two Chicago police officers, Shannon Spalding and Daniel Echeverria, against other current and former Chicago police officers and the City of Chicago.  In 2007, the Plaintiffs learned of criminal conduct on the part of another Chicago police officer, a Sergeant Ronald Watts ("Watts"), reported that conduct to the Federal Bureau of Investigation (known as the "FBI"), and then assisted the FBI and the Internal Affairs Division of the Chicago Police Department (known as "IAD") on the investigation of Watts (also known as "Operation Brass Tax").*

*The plaintiffs in this case allege that the Defendants violated the First Amendment by retaliating against them for reporting the criminal misconduct by other Chicago Police Department officers to the FBI and also for speaking to the media about this lawsuit, and further claim that some of the individual defendants conspired together to commit such retaliation.  The plaintiffs also allege that the Defendants violated the Illinois Whistleblower Act by retaliating against them for reporting the criminal misconduct by other Chicago Police Department officers to the FBI and to the IAD.*

*The Defendants deny that Plaintiffs were retaliated against and deny that any violation of the First Amendment or the Illinois Whistleblower Act occurred.*

The Plaintiffs propose the inclusion of the below language.  The Defendants object to the inclusion of this language.

> *The plaintiffs' claim against the City of Chicago rests on the Chicago Police Departments alleged widespread and unwritten "code of silence". According to Plaintiffs, CPD officers are trained under the code to ignore their fellow officers' misconduct and to retaliate against any officer who does not.  Plaintiffs alleged that the retaliation they suffered as a result of their protected speech resulted from their breaking the code.*

**(c)**     except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of—

(1)     all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence:

For the Plaintiffs:

1.     Expert Report of Lou Reiter
         Objection: Yes ☐   No ☒
         Basis of Objection:
         Basis of Admissibility:

2.     Resume of Lou Reiter
         Objection: Yes ☐   No ☒
         Basis of Objection:
         Basis of Admissibility:

3.     Psychological Evaluation of Shannon Spalding by Dr. Nancy Landre
         Objection: Yes ☐   No ☒
         Basis of Objection:
         Basis of Admissibility:

4.     Vocational Report of Susan Entenberg
         Objection: Yes ☐   No ☒
         Basis of Objection:
         Basis of Admissibility:

5.     Therapy records of Deborah Weaver
         Objection: Yes ☐   No ☒
         Basis of Objection:
         Basis of Admissibility:

6.     Reports of Dr. David A. Kaiser
         Objection: Yes ☐   No ☒
         Basis of Objection:

Basis of Admissibility:

7.     Medical Records of  Dr. Julie A. Ruzycki
        Objection: Yes ☐   No ☒
        Basis of Objection:
        Basis of Admissibility:

8.     Expert Report of Dr. Thomas Donnelly
        Objection: Yes ☐   No ☒
        Basis of Objection:
        Basis of Admissibility:

9.     Report of the Mayor's Police Accountability Task Force
        Objection: Yes ☒   No ☐
        Basis of Objection:          Irrelevant and unduly prejudicial
        Basis of Admissibility:

10.    Cooperating Individual Request Packet for David Holmes, August 17,
        2010
        Objection: Yes ☐   No ☒
        Basis of Objection:
        Basis of Admissibility:

11.    Affidavit of Janet Hanna
        Objection: Yes ☒   No ☐
        Basis of Objection:          Hearsay
        Basis of Admissibility:

12.    DEFS00986   July 27, 2010 Email from Rivera to Klimas
        Objection: Yes ☐   No ☒
        Basis of Objection:
        Basis of Admissibility:

13.    DEFS 00988   Email from CUELLO to KIRBY/RIVERA
        Objection:   Yes ☐   No ☒
        Basis of Objection:
        Basis of Admissibility:

14.    DEFS0989      Email 5-9-11 from KLIMAS to TOM CHESTER re:
        Echeverria and Spalding
        Objection: Yes ☐   No ☒
        Basis of Objection:
        Basis of Admissibility:

15.    DEFS1007      Email from Danny to Rivera
        Objection: Yes ☐   No ☒

Basis of Objection:
Basis of Admissibility:

16.   DEFS1009      March 16, 2012 Email from HR notifying ROTI &
      SALEMME & OGRADY & RIVERA et al that PLAINTIFFS are being
      detailed from 126 and Unit 189 to Unit 606
      Objection: Yes ☐   No ☒
      Basis of Objection:
      Basis of Admissibility:

17.   DEFS3862-2   Assignments May-Jul 2012
      Objection: Yes ☐   No ☒
      Basis of Objection:
      Basis of Admissibility:

18.   DEFS3857      Spalding Cases Assigned Aug-Nov 2012
      Objection: Yes ☐   No ☒
      Basis of Objection:
      Basis of Admissibility:

19.   DEFS2998      Watch Change Request for D&S April 9, 2013
      Objection: Yes ☐   No ☒
      Basis of Objection:
      Basis of Admissibility:

20.   DEFS2999      Danny Memo seeking to be returned to 2nd Watch.
      Objection: Yes ☐   No ☒
      Basis of Objection:
      Basis of Admissibility:

21.   DEFS3000      Shannon Watch change request
      Objection: Yes ☐   No ☒
      Basis of Objection:
      Basis of Admissibility:

22.   DEFS3026      Cesario Memo to Roy regarding D&S Request for Watch
      Change 5-27-13
      Objection: Yes ☐   No ☒
      Basis of Objection:
      Basis of Admissibility:

23.   DEFS3019      Report of Shannon's 3-8-14 illness report
      Objection: Yes ☐   No ☒
      Basis of Objection:
      Basis of Admissibility:

24.   DEFS3022      Shannon statement 3-11-14. Duty Disability request

Objection: Yes ☐   No ☒
Basis of Objection:
Basis of Admissibility:

25.    Spalding 00052       Photos of Watts, Mohammed and team members
              Objection: Yes ☒   No ☐
              Basis of Objection:   Irrelevant and unduly prejudicial
              Basis of Admissibility:

26.    DEF1531-1584   CR Log Number 1061086 Documents regarding
       Shannon Spalding
              Objection: Yes ☐   No ☒
              Basis of Objection:
              Basis of Admissibility:

For the Defendants[1]:

1.   Resume of Jon Schorle
              Objection: Yes ☐   No X
              Basis of Objection:
              Basis of Admissibility:

2.   Expert Report of Jon Schorle
              Objection: Yes ☐   No X
              Basis of Objection:
              Basis of Admissibility:

3.   Resume of Malcolm S. Cohen
              Objection: Yes ☐   No X
              Basis of Objection:
              Basis of Admissibility:

4.   Expert Report and Supplemental Report of Malcolm S. Cohen
              Objection: Yes X   No ☐
              Basis of Objection:        Plaintiffs object to reports not previously
       produced to the Plaintiffs in discovery.
              Basis of Admissibility:

5.   Spalding Pension Calculation
              Objection: Yes X   No ☐
              Basis of Objection:  Plaintiffs object to reports not previously
       produced to the Plaintiffs in discovery
              Basis of Admissibility:

6.   Presentation of Malcolm S. Cohen
              Objection: Yes X   No ☐

---

[1] Defendants reserve the right to use any exhibits listed in Plaintiffs' Exhibit List.

Basis of Objection: Plaintiffs object to reports not previously produced to the Plaintiffs in discovery
Basis of Admissibility:

7. Resume of James Radke
   Objection: Yes ☐   No X
   Basis of Objection:
   Basis of Admissibility:

8. Expert Report of James Radke
   Objection: Yes ☐   No X
   Basis of Objection:
   Basis of Admissibility:

9. Resume of Dr. Susan E. Pearlson
   Objection: Yes ☐   No X
   Basis of Objection:
   Basis of Admissibility:

10. Report of Shannon Spalding by Dr. Susan E. Pearlson
    Objection:      Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

11. Michael Barz deposition Exhibit 1-Request to Bypass Command Channel Review, CR No. 1061086 dated 3/4/14 (DEFS 1531-1584)
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

12. Susan Entenberg deposition Exhibits 1 – 2
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

13. David A. Kaiser deposition Exhibits 1 – 6
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

14. Dr. Nancy Landre deposition Exhibit 1
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

15. Deborah Weaver deposition Exhibits 1 – 2
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

16. Dr. Julie Ruzycki deposition Exhibits 1 – 16
        Objection: Yes ☐  No X
        Basis of Objection:
        Basis of Admissibility:

17. Robert Muscolino deposition Exhibit 1
        Objection: Yes ☐  No X
        Basis of Objection:
        Basis of Admissibility:

18. Complaint Log No. 1031656 (DEF 905-934)
        Objection: Yes X   No ☐
        Basis of Objection:  Relevance, Hearsay
        Basis of Admissibility:

19. Complaint Log No. 1031656 Incident Reports (DEFS 1585-1609)
        Objection: Yes X   No ☐
        Basis of Objection: Relevance, HEarsay
        Basis of Admissibility:

20.  Cooperating Individual Request Packet for David Holmes, August 17, 2010 (37-40)
        Objection: Yes ☐  No X
        Basis of Objection:
        Basis of Admissibility:

21. Email from Kevin Navarro to Roti (4/13/08) (DEFS01493-1494); review of police officers (DEFS01495-1501)
        Objection: Yes X   No ☐
        Basis of Objection:         Plaintiffs object to #1495-1501 based upon Foundation, relevance and hearsay.
        Basis of Admissibility:

22. Emails between Howard Lodding and Kirby (5/12/11) (DEFS02559)
        Objection:      Yes ☐  No X
        Basis of Objection:
        Basis of Admissibility:

23. Email from Cuello to Kirby, Rivera dated 5/5/11 regarding Echeverria and Spalding reporting to Academy for re-training (DEFS00988)
        Objection: Yes ☐  No X
        Basis of Objection:         But object to the characterization.  It is an email from Ladner to Luddino
        Basis of Admissibility:

24. Email forwarded from Kirby to Rivera dated 5/12/11 regarding Spalding and Echeverria not being released from post-training until she approves it (DEFS00990)

Objection: Yes ☐   No X
Basis of Objection:
Basis of Admissibility:

25. Email from West to Cuello, Skahill dated 5/19/11 assigning Plaintiffs to Unit 126 (DEFS02523)
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

26. DEFS1007 Email from Danny to Rivera
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

27. Email from Cynthia Curry to Rivera (3/16/12) (DEFS01008); Memo from Rivera dated 3/14/12 requesting transfer for Plaintiffs to 606 (DEFS01016)

    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

28. Spalding Arrest Report March 2012 - June 2012 (DEFS01177)
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

29. DEFS1009 March 16, 2012 Email from HR notifying ROTI & SALEMME & OGRADY & RIVERA et al that PLAINTIFFS are being detailed from 126 and Unit 189 to Unit 606
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

30. Echeverria Arrest Report March 2012 - June 2012 (DEFS01179-1180)
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

31. Email from Cesario to Mills dated 6/20/2012 regarding Team Assignments (DEFS 1647)
    Objection: Yes ☐   No X
    Basis of Objection:
    Basis of Admissibility:

32. Portfolio Reports for Echeverria by Mills.  (DEFS01064-1067)
    Objection: Yes X   No ☐
    Basis of Objection:          Relevance, Hearsay

Basis of Admissibility:

33. Echeverria Arrest Listing for 1/1/13 – 12/31/13 (DEFS01191-1196)
        Objection: Yes X   No □
        Basis of Objection:        Relevance
        Basis of Admissibility:

34. Shannon Spalding Arrest Listing for 1/1/13-12/31/13 (DEFS01197-1198)
        Objection: Yes X   No □
        Basis of Objection:        Relevance
        Basis of Admissibility:

35. Emails between Roti and Mary Legittino dated 11/3/12 (DEFS02528)
        Objection: Yes X   No □
        Basis of Objection:  Relevance, Hearsay
        Basis of Admissibility:

36. Phone message to Roti (DEFS01529-1530)
        Objection: Yes X   No □
        Basis of Objection:        Hearsay, Foundation, Relevance
        Basis of Admissibility:

37. Spalding Fugitive Apprehension Violence Reduction Initiative 7/29/12 (DEFS01741)
        Objection:     Yes □   No X
        Basis of Objection:
        Basis of Admissibility:

38. Spalding Fugitive Apprehension Violence Reduction Initiative 7/29/12 (DEFS1672)
        Objection:     Yes □   No X
        Basis of Objection:
        Basis of Admissibility:

39. Email from Cesario to Cappitelli re: VRI Schedule 7/28 and 7/29 (7/27/12) (DEFS1653-1654)
        Objection: Yes □   No X
        Basis of Objection:
        Basis of Admissibility:

40. Email from Cesario to Team re: VRI Schedule 8/4 and 8/5 (7/31/12) (DEFS1700-1701)
        Objection: Yes □   No X
        Basis of Objection:
        Basis of Admissibility:

41. Email from Cesario to Team re: VRI Schedule 8/11 and 8/12 (8/8/12) (DEFS1792-1793)

Objection: Yes ☐   No X
Basis of Objection:
Basis of Admissibility:

42. Email from Cesario to Team re: VRI Schedule 8/25 and 8/26 (8/8/12)
    (DEFS1831-1832)
        Objection: Yes ☐   No X
        Basis of Objection:
        Basis of Admissibility:

43. Email from Hanna to Cesario re: VRP 11/11/12 (11/9/12) (DEFS1720)
        Objection: Yes ☐   No X
        Basis of Objection:
        Basis of Admissibility:

44. Email from Hanna to Cesario re: reassignment of IA (3/29/12) (DEFS1787)
        Objection: Yes ☐   No X
        Basis of Objection:
        Basis of Admissibility:

45. Email from Hanna to Cesario re: reassignment of IA (5/3/12) (DEFS1805)
        Objection: Yes ☐   No X
        Basis of Objection:
        Basis of Admissibility:

46. Email from Cesario to Echeverria, Hanna and Barnes (6/21/12) regarding
    Echeverria's assignment of 5 warrants and warrants delated in the CLEAR
    system (DEFS1633)
        Objection: Yes ☐   No X
        Basis of Objection:
        Basis of Admissibility:

47. Email from Cesario responding to Culhane  regarding SID request (Landrum,
    Spalding and Echeverria) (9/28/12) (DEFS1710)
        Objection: Yes ☐   No X
        Basis of Objection:
        Basis of Admissibility:

48. Email from Cesario responding to Culhane regarding LEADS 2000 Access
    applications (Landrum and Echeverria) (10/11/12 ) (DEFS1650)
        Objection: Yes ☐   No X
        Basis of Objection:
        Basis of Admissibility:

49. Overtime Reports for Plaintiffs from January 1, 2006 through November 11,
    2014 (DEFS01528)
        Objection: Yes X   No ☐

           Basis of Objection:      Relevance, Foundation
           Basis of Admissibility:

50. Email from Cesario to Salemme dated 6/19/2012 regarding Team Assignments
(DEFS 1806-1808)
           Objection: Yes □  No X
           Basis of Objection:
           Basis of Admissibility:

51. Chicago Police Department-Rules and Regulations of the Chicago Police
Department (185-204)
           Objection: Yes X  No □
           Basis of Objection:      Relevance
           Basis of Admissibility:

52. General Order G08-x01-02 Specific Responsibilities Regarding Allegations of
Misconduct (Spalding 931-934) (174-178)
           Objection: Yes X  No □
           Basis of Objection:      Relevance
           Basis of Admissibility:

(2)      any demonstrative evidence and experiments to be offered during trial;

           For the Plaintiffs:      A timeline
           For the Defendants:    A timeline. Defendants may present
           enlargements.

(**d**)     a list or lists of names and addresses of the potential witnesses to be called by
each party, with a statement of any objections to calling, or to the qualifications of, any
witness identified on the list;

    For the Plaintiffs:

Shannon Spalding, 11016 S. Central Park Ave. Chicago, Illinois 60655
Will call

Daniel Echeverria, 5621 N. Mulligan Ave., Chicago, IL 606467
Will call

Peter Koconis, 1423 W. Glen Lake, Chicago, IL 60660
Will call

Michael Spaargaren, 9553 S. Hamilton Ave., Chicago, IL 60643
Will call

Janet Hanna, 4953 N. Meade Ave., Chicago, IL 60630
Will call

Anthony Hernandez, 11016 S. Central Park Ave., Chicago, IL 60655
Will call

Lou Reiter, 87 Chula Drive, Jasper, Georgia 30143
Will call

Dr. Thomas Donnelly, Phd., DePaul University – Dept. of Economics, 1 E. Jackson
Blvd., Chicago, IL 60604
Will call

Dr. Nancy Landre, Ph.D.  1580 Northwest Highway, Suite 221A, Park Ridge, IL
60068
Will call

Dr. Julie A. Ruzycki, 6823 N. Avondale, Suite 104, Chicago, IL 60631
Will call

Dr. David A. Kaiser, M.D., 111 N. Wabash Ave., Suite 2101, Chicago, IL 60602
Will call

Deborah Weaver:  1525 E. 55th St., Suite 1005, Chicago, IL 60615
Will call

Susan Entenberg, 9933 N. Lawler Ave., Suite 317, Skokie, IL 60077
May call

**As adverse witnesses:**

The Honorable Mayor Rahm Emanuel, Chicago City Hall, 4th Floor, 121 N. LaSalle
St., Chicago, IL 60602          Will call

Karen Murphy   Will call

Kevin Williams   May call

James Padar, 7825 W. Thorndale, Chicago, IL 60631          May call

Juan Rivera    May call

Tina Skahill    May call

Maurice Barnes  Will call

Robert Walker   Will call

Michael Pigott  May call

Thomas Mills   May Call

Michael Barz   May call

Robert Muscolino   May call

James O'Grady   Will call

Nicholas Roti  Will call

**For the Defendants:**

*Will Be Called*

Juan Rivera

Nick Roti

James O'Grady

Joseph Salemme

Robert Cesario

Maurice Barnes

Thomas Mills

Tina Skahill

Robert J. Klimas

James Padar

Kevin R. Johnson

Beatrice Cuello O'Donnell

Jill Stevens

Coleen Dougan

Chris Dingle

Roxane Blecharczyk

Lorne Guishinere

Robert Muscolino

Michael Barz

Michael Pigott

Kelli Kaelin

Michael Murphy

Kevin Culhane

Paul Kusinski

Tom Byrne

Ernie Brown

John Schorle

Malcolm S. Cohen

James Radtke

Susan E. Pearlson

*May Be Called*

Patrick Smith

Felix Batista

Aisha Sultana

Kevin B. Navarro

Maureen Salas

Pension Board Representative

Karyn Murphy

Steve Becker

Robert Cevenka

Tom Mason

**As adverse witnesses:**

Shannon Spalding

Daniel Echeverria

Jan Hanna

Pete Koconis

Michael Spaargaren

Anthony Hernandez

**(e)** stipulations or statements setting forth the qualifications of each F.R. Evid. 702 witness in such form that the statement can be read to the jury at the time the F.R. Evid. 702 witness takes the stand;

**Lou Reiter:** Mr. Reiter is the former Deputy Chief of Police of the Los Angeles Police Department, serving in the LAPD for over 20 years. During that time Mr. Reiter served as a Police Officer, Sergeant, Lieutenant, Captain, Commander and then Deputy Chief. Since leaving the LAPD, Mr. Reiter has consulted with police departments of between 3 and 39,000 employees.

**Dr. Thomas Donnelly, Ph.D.**: Dr. Thomas D. Donley has been Chairman of the Department of Economics for DePaul University. Dr. Donley received his Ph.D. in Economics from the University of Wisconsin in 1993. He has been an instructor, Assistant Professor, Associate Professor and Professor at DePaul University since 1990.

**Dr. Nancy Landre, Phd.:** Dr. Nancy Landre holds a Ph.D. in Psychology from Dr. Landre was retained by the City of Chicago Police Pension Board to examine Shannon Spalding in connection with her claim for disability benefits.

**Dr. Julie A. Ruzycki:** Dr. Ruzycki is a psychologist licensed to practice in Illinois. Dr. Ruzycki will be testifying about her diagnosis and treatment of plaintiff Daniel Echeverria from May 15, 2013, when Mr. Echeverria went on medical leave, to the present.

**Dr. David A. Kaiser, M.D**.:  Dr. Kaiser is a psychiatrist licensed to practice medicine in the State of Illinois.  Dr. Kaiser will be testifying regarding his diagnosis and treatment of plaintiff Shannon Spalding.

**Deborah Weaver:**  Deborah Weaver is a Licensed Clinical Social Worker. Ms. Weaver holds a Master's Degree in Social Work from the University of Denver in 1996 and a Masters Degree in Divinity from the Lliff School of Theology in 1997.  She will be testifying regarding her examination and treatment of plaintiff Shannon Spalding.

**Susan Entenberg, MA, L.C.P.C.:**   Susan Entenberg is a Licensed Clinical Professional Counselor, a Certified Rehabilitation Counselor and a Diplomate for the years 1987-2000 on the American Board of Vocational Experts.  Ms. Entenberg serves as a Vocational Expert for the Social Security Administration.

**Jon D. Schorle:**  Mr. Schorle has worked in eleven criminal justice agencies and served as the chief of police in seven of them.  He has held a Private Investigators license, in the State of California, since 1989.

**Dr. Susan E. Pearlson, M.D.:**  Dr. Pearlson is a psychiatrist who has been in private practice since 2002, consulting, evaluating and providing psychotherapy for adults.

**Malcolm S. Cohen:**  Mr. Cohen is the President of Employment Research Corporation, a firm located in Ann Arbor, Michigan, that specializes in employment research.  He obtained a Ph.D. in Economics from MIT, with specialties in Econometrics and Labor Economics.

**James J. Radke:**  Jim Radke is a vocational expert.  He holds a Master of Science in Rehabilitation Counseling and a Bachelor of Science in Zoology and Psychology from the University of Wisconsin.

**(f)**      a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto:

Plaintiffs shall introduce the following pages and line numbers from the deposition of Jan Hanna, in the event that she is unavailable for trial due to her surgery:

Page(s) and Lines

8:1 – 149:1

In the event that Jan Hanna is unavailable for trial and Plaintiffs are permitted to introduce the above deposition pages, Defendants shall introduce the following pages and lines from her deposition:

Page(s) and Lines

6:8 – 7:11

Plaintiffs shall introduce the following pages and line numbers from the deposition of Captain Michael Pigott:

Page(s) and Lines

10:13-12:20
13:21-14:10
14:24-16:7
16:8-16:12
17:20-18:11
19:15-21:1
21:19-22:20
23:8-24:3
24:21-24:23
25:13-26:14
27:189-28:10
43:22-44:6
44:23-45:23
47:12-47:18
50:18-51:18
53:19-54:7
54:22-55:7

Defendants object to the introduction of any deposition testimony of Captain Michael Pigott on the grounds that such testimony would be redundant and prejudicial. Plaintiffs have subpoenaed Captain Pigott to appear at the trial of this matter as an adverse witness. Defense counsel has advised Plaintiffs' counsel that Captain Pigott will be available for trial. In addition, the deposition excerpts that Plaintiffs have designated to be read into evidence are taken out of context and would unfairly prejudice the Defendants. Plaintiffs will have the opportunity to ask questions of Captain Pigott at trial which alleviates the need for any portion of the deposition transcript to be read into evidence at the trial.

If, however, the Court is inclined to allow any of the deposition to be read into evidence at the trial, Defendants request that the following pages and line numbers also be read into evidence:

Page(s) and Lines

17:9-17:19
24:4-25:12
26:15-27:11
28:11-29:5

44:7-44:22

Plaintiffs shall introduce the following pages and line numbers from the deposition of Commander Robert Klimas:

Page(s) and Lines

35:14-36:4
36:24-37:4
37:20-38:1
39:6-39:16
43:11-43:17
43:18-46:6
46:7-46:20
47:7-47:13
61:1-62:2
62:3-65:8
67:15-67:22
77:24-78:3
79:20-111:7

Defendants object to the introduction of any deposition testimony of Commander Robert Klimas on the grounds that such testimony would be redundant and prejudicial. Plaintiffs have subpoenaed Commander Klimas to appear at the trial of this matter as an adverse witness. Defense counsel has advised Plaintiffs' counsel that Commander Klimas will be available for trial. In addition, the deposition excerpts that Plaintiffs have designated to be read into evidence are taken out of context and would unfairly prejudice the Defendants. Plaintiffs will have the opportunity to ask questions of Commander Klimas at trial which alleviates the need for any portion of the deposition transcript to be read into evidence at the trial.

If, however, the Court is inclined to allow any of the deposition to be read into evidence at the trial, Defendants request that the following pages and line numbers also be read into evidence:

Page(s) and Lines

13:3-13:11
13:21-15:2
17:15-17:22
19:21-19:22
26:7-27:7
28:2-28:12
37:5-37:19
21:3-21:13
13:2-13:4

67:23-68:19

**(g)**     an itemized statement of damages;

**Shannon Spalding**

| | |
|---|---|
| Lost Wages through May 31, 2016: | $   84,405 |
| Lost Insurance Benefits through May 31, 2016: | $   13, 984 |
| Lost Future Earnings: | $1,000,279 |
| Lost Future Benefits: | $   165,999 |
| Lost Pension Benefits: | $1,761,001 |
| Emotional Injury Damages: | $ as per jury |
| Future Medical Expenses: | $ as per jury |
| Punitive Damages –v- James O'Grady: | $ as per jury |
| Punitive Damages –v- Nicholas Roti: | $ as per jury |
| Punitive Damages –v- Robert Cesario: | $ as per jury |
| Punitive Damages –v- Joseph Salemme: | $ as per jury |
| Punitive Damages –v- Maurice Barnes: | $ as per jury |
| Punitive Damages –v- Thomas Mills: | $ as per jury |
| Punitive Damages –v- Juan Rivera: | $ as per jury |

**Daniel Echeverria**

| | |
|---|---|
| Emotional Injury Damages: | $ as per jury |
| Punitive Damages –v- James O'Grady: | $ as per jury |
| Punitive Damages –v- Nicholas Roti: | $ as per jury |
| Punitive Damages –v- Robert Cesario: | $ as per jury |
| Punitive Damages –v- Joseph Salemme: | $ as per jury |
| Punitive Damages –v- Maurice Barnes: | $ as per jury |
| Punitive Damages –v- Thomas Mills: | $ as per jury |
| Punitive Damages –v- Juan Rivera: | $ as per jury |

**(h)**     for a jury trial, each party shall provide the following:

(i)     one set of marked proposed jury instructions, verdict forms and special interrogatories, if any are **Attached.**

(ii)     a list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a);

**Plaintiffs' Proposed Voir Dire**:

1.     Do you live in city of Chicago?  How long have you lived here?
2.     Do you own your home or rent?
3.     How far did you go in school?

4.      Please state your occupation, employer, and years with current employer (if retired or unemployed, describe your last job):

5.      What other jobs have you had during your working life? Any military service?

6.      If you are married, please state your spouse's occupation, employer, and number of years (if retired/unemployed, describe past employment):

7.      If you have any grown children, please describe their occupations:

8.      Do you read a local newspaper? Which one.

9.      Do you watch the local news on television? Which station?

10.     Have you or a close friend or family member worked in law enforcement or in a security related job? If yes, identify the individual and position.

11.     Do you have any close friends who work as lawyers or judges? Please identify.

12.     Have you or a family member been arrested or convicted for an offense, including traffic offense? Please describe the incident?

13.     Have you or a close family member ever been a victim of a crime? Please describe.

14.     Have you ever lived in public housing within the City of Chicago? When and where.

15.     Have you or any close friends or family members had a positive or negative experience with the Chicago Police Department? If so, please briefly explain

15A.    Is there anything about those experiences that make you unable to be impartial when it comes to police officers?

16.     Have you or any family members been involved in a lawsuit? If so, briefly identify the person(s) involved and the outcome:

17.     Do you belong to any religious, political, social, or civic organizations? If so, please describe your activities

18.     What kinds of things do you enjoy doing in your spare time?

19.     I will be instructing that you must put information you may have seen outside the courtroom (including and media coverage) out of your mind, and make a decision based solely on what you see and hear in this courtroom. Will you be able to follow this instruction? If not, why not

20.     Is there anything that might make it difficult for you to participate in this trial and to be fair to the plaintiff or the defendant? If so, please explain

21.     Have you, a family member or a friend ever been employed by the City of Chicago or any other municipality?

22.     Have you, a family member or any friend ever worked as a police officer, corrections officer, or ever worked for a police department or corrections institution?

23.     Have you, a family member or a friend ever been in the military?

24.     Have you, a family member or a friend ever been in the military?

25.     Do you have any opinions about the civil justice system?

26.     Do you have any disagreement with compensating people both physical and psychological injuries suffered if said injuries are proven?

27.   Do you have any disagreement with compensating people for injuries sustained because of the illegal conduct of some other person or organization if said injuries are proven?

28.   There will be testimony in this case from a Licensed Clinical Social Worker, a Psychologist and Psychiatrists.   Is there any reason why you would be unable or unwilling to consider the testimony of this type of witness?

**Defendants' Proposed Voir Dire**:

1.   Are you familiar with the term PTSD or adjustment disorder?

2.   Do you, a family member or any friend have any medical training or background? If yes, please identify the training.

3.   Have you, a family member or any friend ever been injured on your job? If so, what were the injuries?

4.   Have you, a family member or any friend filed for disability due to a work injury? If so, what was the outcome?

5.   Are you active on social media? If so, please describe? Have you ever commented on issues involving the police on social media?  If so, what was the comment?

6.   Have you ever posted a comment online, or written a letter to the editor, or to a member of the media, about any issue involving the conduct of the police? Please explain.

7.   Have you followed any situations involving the conduct of police officers in the media? Do you have strong opinions about the allegations against Chicago Police Officers, or any other incidents that you've heard about in the media involving the conduct of police officers?

   **(i)**   a statement that each party has completed discovery, including the depositions of F.R. Evid. 702 witnesses (unless the court has previously ordered otherwise).

   **Each party has completed discovery, including the depositions of F.R. Evid. 702 witnesses.**

**(2.1)**   The following *optional* stipulations and statements were submitted and are attached to and made a part of this Order:

   **(l)**   waivers of any claims or defenses that have been abandoned by any party;

   **No existing claims or defenses have been abandoned by any party.**

**(3)**   Trial of this case is expected to take **10** days.

**(4)**   [*Indicate the type of trial by placing an X in the appropriate box*]
   Jury **X** Non-jury

**(5)**     Defendants recommend **12** jurors and one alternate be selected at the commencement of the trial. The Plaintiffs recommend that **6** jurors and **2** alternates be selected at the commencement of the trial with all jurors, including alternates, allowed to deliberate.

**(6)**     All parties are required to appear in person for trial.

**(7)**     The parties *agree* that the issues of liability and damages *should not* be bifurcated for trial. However, Defendants believe the issue of potential *Monell* liability of the City should be bifurcated and tried only if any of the individual defendants are first found to be liable to Plaintiffs. Plaintiffs object to bifurcating the *Monell* liability claim. Plaintiffs believe that Plaintiffs' claims against the individual defendants are inextricably tied to the *Monell* code of silence claims and that bifurcation of these claims will confuse the jury and prejudice the plaintiffs.

**(8)**     This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

**(9)**     Possibility of settlement of this case was considered by the parties.

_____
United States District Judge

Date: _____

[*Attorneys are to sign the form before presenting it to the court.*]

_____     _____
Attorney for Plaintiff                                            Attorney for Defendant